# EXHIBIT B

STATE OF SOUTH CAROLINA

COUNTY OF HAMPTON

Darren Hartness,

        Plaintiff,

v.

Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740 and Jeffrey Lee,

        Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2022-CP-25-_____

**SUMMONS**
**(Jury Trial Demanded)**

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action. A copy of the Complaint is attached to this Summons and is herewith served upon you. Your answer must be in writing and signed by you or by your attorney and must state your address or the address of your attorney if signed by your attorney. Your answer must be served upon the undersigned attorneys for the Plaintiff within thirty (30) days after the service hereof, exclusive of the day of service at Post Office Box 1885, Pawleys Island, South Carolina 29585.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins, SC Bar #102053
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
Telephone – (843) 314-4202
Facsimile – (843) 314-9365
clay@hopkinsfirm.com

*Attorney for the Plaintiff*

Pawleys Island, South Carolina
July 13, 2022

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

STATE OF SOUTH CAROLINA

COUNTY OF HAMPTON

Darren Hartness,

          Plaintiff

v.

Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740 and Jeffrey Lee,

          Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2022-CP-25-_____

**COMPLAINT**
**(Jury Trial Demanded)**

Darren Hartness (hereinafter referred to as "Plaintiff"), complaining of the Defendant Love's Travel Stops and Country Stores, Inc. d/b/a Love's #740 and Jeffrey Lee (collectively referred to as "Defendants"), would allege and show as follows:

**NATURE OF THE CASE**

1.    This action arises out of injuries Plaintiff sustained on or around May 15, 2021, while on premises, upon information and belief, owned, maintained, and operated by Defendants.

2.    Plaintiff seeks monetary relief from Defendants for their negligent, grossly negligent, and reckless violation of duties owed to Plaintiff, including Defendants' duties to maintain the premises in a reasonably safe condition, and to warn against and eliminate known dangers and unreasonable risks.

**PARTIES**

3.    Plaintiff is a citizen and resident of Drew County, Arkansas.

4.    Upon information and belief, Defendant Love's Travel Stops & Country Stores, Inc. ("Love's") is a corporation organized and existing under the laws of the State

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

of Oklahoma that does business as a chain of travel stops and gas stations in Hampton County, South Carolina and throughout the United States. Upon information and belief, Defendant Love's owns and does business in Hampton County, South Carolina as Love's #740 at 490 Yemassee Highway, Yemassee, South Carolina (the "travel stop").

5.      Upon information and belief, Defendant Jeffrey Lee ("Lee") is a citizen and resident of Dorchester County, South Carolina, and at all times relevant to the allegations contained in this Complaint, was acting as the manager of the travel stop, and an employee of Defendant Love's, seeking to further its business.

6.      That at all relevant times herein, Defendant Love's had the right to direct and control, and was acting by and through, its agents and employees, who at all such times were acting on the behalf of, within the course and scope of their agency and employment with, and to further the business of Defendant Love's, making Defendant Love's liable for their actions and omissions pursuant to the doctrine of *respondeat superior*.

7.      That at all relevant times herein, Lee, acting manager, was in control of the travel stop premises, and therefore had a duty to travel stop customers to protect them from dangerous conditions of which he had notice or could reasonably anticipate, making him, as well as his employer, Defendant Love's, liable for his actions and omissions.

## JURISDICTION AND VENUE

8.      Venue and jurisdiction are proper in the Circuit Court of Hampton County because Defendant owns and operates a business in Hampton County, and because the acts or omissions giving rise to Plaintiff's cause(s) of action occurred in Hampton County, South Carolina.

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

**FACTS**

9.      On or about May 15, 2021, Plaintiff was a customer/invitee at the travel stop, which is owned, operated, and maintained by Defendants.

10.      That Plaintiff is a truck driver, and parked his truck, and as he was getting out of his truck and stepping onto the travel stop's premises, stepped into oil and/or fuel that was left on the ground, and slipped and fell to the ground through no fault of his own.

11.      That before Plaintiff fell, Defendant Lee was aware that there was oil and/or fuel on the ground and was aware that it was a dangerous condition for Defendants' customers and invitees.

12.      Upon information and belief, Defendant Lee placed straw on the ground, in an apparent attempt to soak up the oil and/or fuel but did not attempt to verbally warn Plaintiff or other customers/invitees of the dangerous condition or put up any warning signs to customers/invitees.

13.      That Defendant Lee, by virtue of his position as acting manager, had a sufficient degree of control over the travel stop premises such that he had a duty to exercise reasonable care to remedy the dangerous condition in the public thoroughfare that resulted in Plaintiff's fall.

14.      That if Plaintiff was warned about the dangerous condition, he would not have slipped and fallen.

15.      As a result, Plaintiff incurred medical expenses, pain and suffering, stress, embarrassment, and mental distress because of the acts and/or omissions of Defendants.

## **FOR A FIRST CAUSE OF ACTION**
### **(Premises Liability – Negligence as to an Invitee)**

16.    Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

17.    Plaintiff was always an invitee on the Premises and was on Defendants' property with the express and/or implied permission of Defendants and for the purpose of benefitting Defendants.

18.    Defendants had a duty to Plaintiff, and to the public, to maintain the travel stop's premises, and especially areas where Defendants knew that persons such as Plaintiff regularly travelled and traversed, in a reasonable, safe, and usable manner, and otherwise owed a duty to exercise reasonable care correlating to the failures mentioned below.

19.    That Defendants were careless, negligent, grossly negligent, reckless, willful and wanton in one or more of the following manners:

      a.    In failing to timely warn invitees, including Plaintiff, of the dangerous condition posed by the oil and/or fuel at a public thoroughfare of its travel stop;

      b.    In failing to timely remedy the dangerous condition posed by the oil and/or diesel at a public thoroughfare of its travel stop;

      c.    In failing to safely maintain the public thoroughfare of its travel stop;

      d.    In failing to timely remove oil and/or fuel at the public thoroughfare of its travel stop;

      e.    In failing to timely inspect the public thoroughfare of its travel stop;

      f.    In failing to warn the public of the dangers of the dangerous

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

condition;

g.      In failing to use, place, or change out adequate safety precautions at the public thoroughfare of its travel stop to protect the ambulating public from stepping into or around the spilled oil and/or fuel;

h.      In failing to have adequate policies, procedures, and/or protocols, and in failing to adequately train its employees, relating to:

   i.      Inspection of the public thoroughfare;

   ii.     Maintenance of the public thoroughfare;

   iii.    Procurement and/or timely replacement or clean up of the public thoroughfare to protect the ambulating public from stepping into or around the spilled oil and/or fuel;

   iv.     Timely placement and/or use of adequate warning devices, signs, or other safety measures to warn the public of the spilled oil and/or fuel;

i.      In failing to properly or adequately train travel stop employees regarding public thoroughfare safety, or otherwise;

j.      In failing to abide by industry standards and best practices regarding thoroughfare cleanup, maintenance, warnings, and safety;

k.      In failing to timely and properly place or install adequate devices, signs, or other safety precautions to warn of thoroughfare hazards;

l.      In failing to place an appropriate, adequate, or dry mat or covering over the spilled oil and/or fuel;

m.      In failing to act as a reasonably prudent property owner would have

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

acted relating to accessibility, usability, and safety of its public thoroughfares;

n.    In failing to abide by statutes, regulations, standards, guidelines, and codes relating to the clean up of an oil or fuel spill;

o.    In otherwise allowing a dangerous accumulation of oil and/or fuel to remain on the ground in its public thoroughfare;

p.    In failing to inquire about, or to abide by, recommendations, instructions, or best practices relating to the adequate placement, installation, adherence, inspection, replacement, or maintenance of adequate oil or fuel spill clean up measures, including, but not limited to, absorbents;

q.    In failing to sweep up or pick up any absorbed materials;

r.    in designing, specifying, installing, constructing, and maintaining a public thoroughfare that is not sufficiently slip resistant when oil and/or fuel spills to meet the requirements of applicable statutes, regulations, standards, guidelines, and codes relating to accessibility and safety, or otherwise sufficiently slip-resistant to be safe for the public; and

s.    In such other particulars as the evidence produced in discovery and at trial may show.

20.    As a direct and proximate result of Defendants' negligence regarding this incident, Plaintiff suffered past, present, and future damages, including, but not limited to, loss of income, loss or impairment of earning capacity, out-of-pocket expenses, medical

ELECTRONICALLY FILED - 2022 Jul 19 9:25 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

expenses and transportation expenses connected with medical treatment, future damages resulting from permanent injuries, loss of family services, alteration of lifestyle, psychological trauma, mental anguish, mental distress, apprehension, anxiety, emotional injury, psychological injury, depression, pain and suffering, and loss of enjoyment of life.

21.    Upon information and belief, Plaintiff is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages for their negligence, gross negligence, carelessness, recklessness, and willful and wanton acts and/or omissions.

**WHEREFORE**, having set forth his Complaint, Plaintiff would respectfully request judgment against Defendants, jointly and severally, for actual damages, punitive damages, costs, attorney's fees, pre-judgment interest, and any other relief the Court may deem just and equitable.

Plaintiff hereby demands a trial by jury.

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins, SC Bar #102053
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 - Telephone
(843) 314-9365 - Facsimile
clay@hopkinsfirm.com

*Attorney for the Plaintiff*

Pawleys Island, South Carolina

July 19, 2022

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

STATE OF SOUTH CAROLINA

COUNTY OF HAMPTON

Darren Hartness,

        Plaintiff,

v.

Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740, Jeffrey Lee and Catherine Lee,

        Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2022-CP-25-00199

**AMENDED SUMMONS**
**(Jury Trial Demanded)**

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action. A copy of the Complaint is attached to this Summons and is herewith served upon you. Your answer must be in writing and signed by you or by your attorney and must state your address or the address of your attorney if signed by your attorney. Your answer must be served upon the undersigned attorneys for the Plaintiff within thirty (30) days after the service hereof, exclusive of the day of service at Post Office Box 1885, Pawleys Island, South Carolina 29585.

YOU ARE HEREBY GIVEN NOTICE FURTHER that, if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, judgment by default will be rendered against you for the relief demanded in the Complaint.

        **HOPKINS LAW FIRM, LLC**

        *s/ J. Clay Hopkins*
        J. Clay Hopkins, SC Bar #102053
        12019 Ocean Highway
        Post Office Box 1885
        Pawleys Island, South Carolina 29585
        Telephone – (843) 314-4202
        Facsimile – (843) 314-9365
        clay@hopkinsfirm.com

        *Attorney for the Plaintiff*

Pawleys Island, South Carolina
August 2, 2022

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

STATE OF SOUTH CAROLINA

COUNTY OF HAMPTON

Darren Hartness,

          Plaintiff

v.

Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740, Jeffrey Lee and Catherine Lee,

          Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2022-CP-25-00199

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

       Darren Hartness (hereinafter referred to as "Plaintiff"), complaining of the Defendant Love's Travel Stops and Country Stores, Inc. d/b/a Love's #740 and Jeffrey Lee (collectively referred to as "Defendants"), would allege and show as follows:

### NATURE OF THE CASE

       1.    This action arises out of injuries Plaintiff sustained on or around May 15, 2021, while on premises, upon information and belief, owned, maintained, and operated by Defendants.

       2.    Plaintiff seeks monetary relief from Defendants for their negligent, grossly negligent, and reckless violation of duties owed to Plaintiff, including Defendants' duties to maintain the premises in a reasonably safe condition, and to warn against and eliminate known dangers and unreasonable risks.

### PARTIES

       3.    Plaintiff is a citizen and resident of Drew County, Arkansas.

       4.    Upon information and belief, Defendant Love's Travel Stops & Country Stores, Inc. ("Love's") is a corporation organized and existing under the laws of the State

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

of Oklahoma that does business as a chain of travel stops and gas stations in Hampton County, South Carolina and throughout the United States. Upon information and belief, Defendant Love's owns and does business in Hampton County, South Carolina as Love's #740 at 490 Yemassee Highway, Yemassee, South Carolina (the "travel stop").

5.     Upon information and belief, Defendant Jeffrey Lee ("Jeffrey") is a citizen and resident of Dorchester County, South Carolina, and at all times relevant to the allegations contained in this Complaint, was acting as the manager of the travel stop, and an employee of Defendant Love's, seeking to further its business.

6.     Upon information and belief, Defendant Catherine Lee ("Catherine") is a citizen and resident of Dorchester County, South Carolina, and at all times relevant to the allegations contained in this Complaint, was acting as the manager of the travel stop, and an employee of Defendant Love's, seeking to further its business.

7.     That at all relevant times herein, Defendant Love's had the right to direct and control, and was acting by and through, its agents and employees, who at all such times were acting on the behalf of, within the course and scope of their agency and employment with, and to further the business of Defendant Love's, making Defendant Love's liable for their actions and omissions pursuant to the doctrine of *respondeat superior*.

8.     That at all relevant times herein, Jeffrey and Catherine, acting managers, were in control of the travel stop premises, and therefore had a duty to travel stop customers to protect them from dangerous conditions of which they had notice or could reasonably anticipate, making them, as well as their employer, Defendant Love's, liable for their actions and omissions.

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

**JURISDICTION AND VENUE**

9.     Venue and jurisdiction are proper in the Circuit Court of Hampton County because Defendant owns and operates a business in Hampton County, and because the acts or omissions giving rise to Plaintiff's cause(s) of action occurred in Hampton County, South Carolina.

**FACTS**

10.    On or about May 15, 2021, Plaintiff was a customer/invitee at the travel stop, which is owned, operated, and maintained by Defendants.

11.    That Plaintiff is a truck driver, and parked his truck, and as he was getting out of his truck and stepping onto the travel stop's premises, stepped into oil and/or fuel that was left on the ground, and slipped and fell to the ground through no fault of his own.

12.    That before Plaintiff fell, Defendants Jeffrey and Catherine were aware that there was oil and/or fuel on the ground and were aware that it was a dangerous condition for Defendants' customers and invitees.

13.    Upon information and belief, Defendant Catherine placed straw on the ground, in an apparent attempt to soak up the oil and/or fuel but did not attempt to verbally warn Plaintiff or other customers/invitees of the dangerous condition or put up any warning signs to customers/invitees.

14.    That Defendants Jeffrey and Catherine, by virtue of their position as acting managers, had a sufficient degree of control over the travel stop premises such that they had a duty to exercise reasonable care to remedy the dangerous condition in the public thoroughfare that resulted in Plaintiff's fall.

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

15.    That if Plaintiff was warned about the dangerous condition, he would not have slipped and fallen.

16.    As a result, Plaintiff incurred medical expenses, pain and suffering, stress, embarrassment, and mental distress because of the acts and/or omissions of Defendants.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**(Premises Liability – Negligence as to an Invitee)**

17.    Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18.    Plaintiff was always an invitee on the Premises and was on Defendants' property with the express and/or implied permission of Defendants and for the purpose of benefitting Defendants.

19.    Defendants had a duty to Plaintiff, and to the public, to maintain the travel stop's premises, and especially areas where Defendants knew that persons such as Plaintiff regularly travelled and traversed, in a reasonable, safe, and usable manner, and otherwise owed a duty to exercise reasonable care correlating to the failures mentioned below.

20.    That Defendants were careless, negligent, grossly negligent, reckless, willful and wanton in one or more of the following manners:

a.    In failing to timely warn invitees, including Plaintiff, of the dangerous condition posed by the oil and/or fuel at a public thoroughfare of its travel stop;

b.    In failing to timely remedy the dangerous condition posed by the oil and/or diesel at a public thoroughfare of its travel stop;

c.    In failing to safely maintain the public thoroughfare of its travel stop;

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

d.      In failing to timely remove oil and/or fuel at the public thoroughfare of its travel stop;

e.      In failing to timely inspect the public thoroughfare of its travel stop;

f.      In failing to warn the public of the dangers of the dangerous condition;

g.      In failing to use, place, or change out adequate safety precautions at the public thoroughfare of its travel stop to protect the ambulating public from stepping into or around the spilled oil and/or fuel;

h.      In failing to have adequate policies, procedures, and/or protocols, and in failing to adequately train its employees, relating to:

   i.      Inspection of the public thoroughfare;

   ii.     Maintenance of the public thoroughfare;

   iii.    Procurement and/or timely replacement or clean up of the public thoroughfare to protect the ambulating public from stepping into or around the spilled oil and/or fuel;

   iv.     Timely placement and/or use of adequate warning devices, signs, or other safety measures to warn the public of the spilled oil and/or fuel;

i.      In failing to properly or adequately train travel stop employees regarding public thoroughfare safety, or otherwise;

j.      In failing to abide by industry standards and best practices regarding thoroughfare cleanup, maintenance, warnings, and safety;

k.      In failing to timely and properly place or install adequate devices,

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

signs, or other safety precautions to warn of thoroughfare hazards;

l.      In failing to place an appropriate, adequate, or dry mat or covering over the spilled oil and/or fuel;

m.      In failing to act as a reasonably prudent property owner would have acted relating to accessibility, usability, and safety of its public thoroughfares;

n.      In failing to abide by statutes, regulations, standards, guidelines, and codes relating to the clean up of an oil or fuel spill;

o.      In otherwise allowing a dangerous accumulation of oil and/or fuel to remain on the ground in its public thoroughfare;

p.      In failing to inquire about, or to abide by, recommendations, instructions, or best practices relating to the adequate placement, installation, adherence, inspection, replacement, or maintenance of adequate oil or fuel spill clean up measures, including, but not limited to, absorbents;

q.      In failing to sweep up or pick up any absorbed materials;

r.      in designing, specifying, installing, constructing, and maintaining a public thoroughfare that is not sufficiently slip resistant when oil and/or fuel spills to meet the requirements of applicable statutes, regulations, standards, guidelines, and codes relating to accessibility and safety, or otherwise sufficiently slip-resistant to be safe for the public; and

s.      In such other particulars as the evidence produced in discovery and

at trial may show.

21.    As a direct and proximate result of Defendants' negligence regarding this incident, Plaintiff suffered past, present, and future damages, including, but not limited to, loss of income, loss or impairment of earning capacity, out-of-pocket expenses, medical expenses and transportation expenses connected with medical treatment, future damages resulting from permanent injuries, loss of family services, alteration of lifestyle, psychological trauma, mental anguish, mental distress, apprehension, anxiety, emotional injury, psychological injury, depression, pain and suffering, and loss of enjoyment of life.

22.    Upon information and belief, Plaintiff is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages for their negligence, gross negligence, carelessness, recklessness, and willful and wanton acts and/or omissions.

**WHEREFORE**, having set forth his Complaint, Plaintiff would respectfully request judgment against Defendants, jointly and severally, for actual damages, punitive damages, costs, attorney's fees, pre-judgment interest, and any other relief the Court may deem just and equitable.

Plaintiff hereby demands a trial by jury.

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

**HOPKINS LAW FIRM, LLC**

*s/ J. Clay Hopkins*
J. Clay Hopkins, SC Bar #102053
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
(843) 314-4202 - Telephone
(843) 314-9365 - Facsimile
clay@hopkinsfirm.com

*Attorney for the Plaintiff*

Pawleys Island, South Carolina

August 2, 2022

ELECTRONICALLY FILED - 2022 Aug 02 12:35 PM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

ELECTRONICALLY FILED - 2022 Aug 10 8:49 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

# AFFIDAVIT OF SERVICE

**State of South Carolina**          **County of Hampton**          **Court of Common Pleas**

Case Number: 2022CP2500199

Plaintiff:
**Darren Hartness**
Vs.
Defendant:
**Love's Travel Stops & Country Stores, Inc. d/b/a Love's # 740; Jeffrey Lee; Catherine Lee**

Received these papers to be served on **Jeffrey Lee at Love's at 3205 Five Chop Road, Orangeburg, SC 29115.**

I, Horace Leysath, being duly sworn, depose and say that on the 5th day of August, 2022 at 10:19 am, I:

Executed service by delivering a true copy of the **Amended Summons; Amended Complaint** by personally serving **Jeffrey Lee.**

Description of Individual Served: **Height** 5'10" **Weight** 200 lbs **Race** White **Age** 50-55 **Gender** Male

I certify that I am over the age of 18 and have no interest in the above action.

Horace Leysath
Process Server

8-5-22
Date

Subscribed and Sworn to before me on the 5th day of August, 2022 by the affiant who is personally known to me.

Notary Public for South Carolina
My Commission Expires 10/24/2024

TARZY LEYSATH
Notary Public, State of South Carolina
My Commission Expires Oct. 24, 2024

# AFFIDAVIT OF SERVICE

**State of South Carolina**              **County of Hampton**              **Court of Common Pleas**

Case Number:  2022CP2500199

Plaintiff:
**Darren Hartness**
Vs.
Defendant:
**Love's Travel Stops & Country Stores, Inc. d/b/a Love's # 740; Jeffrey Lee; Catherine Lee**

Received these papers to be served on **Catherine Lee at Love's at 409 Yemassee Highway, Yemassee, SC  29945.**

I, Charles Fairchild, being duly sworn, depose and say that on the 8th day of August, 2022 at 12:10 pm, I:

Executed service by delivering a true copy of the **Amended Summons; Amended Complaint** by personally serving **Catherine Lee.**

Description of Individual Served:  **Height** _5'5"_  **Weight** _140 lbs_ **Race** _White_ **Age** _50-55_ **Gender** _Female_

I certify that I am over the age of 18 and have no interest in the above action.

_____
Charles Fairchild
Process Server

_8-9-22_____
Date

Subscribed and Sworn to before me on the ___9___ day of _August____, 20_22_ by the affiant who is personally known to me.

_____
Notary Public for South Carolina
My Commission Expires ___10-19-31___

Bobbi Fairchild
Notary Public, State of South Carolina
My Commission Expires   October 19, 2031

ELECTRONICALLY FILED - 2022 Aug 10 8:50 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

ELECTRONICALLY FILED - 2022 Aug 16 11:09 AM - HAMPTON - COMMON PLEAS - CASE#2022CP2500199

STATE OF SOUTH CAROLINA

COUNTY OF HAMPTON

Darren Hartness,

        Plaintiff,

v.

Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740, Jeffrey Lee and Catherine Lee,

        Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL CIRCUIT
CIVIL ACTION NO.: 2022-CP-25-00199

**AFFIDAVIT OF SERVICE**

I, Kathryn Y. Roberts, hereby affirm that on August 9, 2022, the **Amended Summons and Amended Complaint** in the above captioned action were served on the Defendant Love's Travel Stops & Country Stores, Inc. d/b/a Love's #740 by mailing copies of the same via certified mail, return receipt, restricted delivery, to the below address. Service was accepted as evidenced by the attached return receipt.

**Love's Travel Stops & Country Stores, Inc.**
**c/o C T Corporation**
**2 Office Park Court, Suite 103**
**Columbia, South Carolina 29223**

Kathryn Y. Roberts, Paralegal
HOPKINS LAW FIRM, LLC
Post Office Box 1885
Pawleys Island, SC 29585
(843) 823-7581 – Telephone
kathy@hopkinsfirm.com

SWORN to before me this
16 day of August 2022.

Notary Public for South Carolina
My Commission Expires: 1-10-2024

ELECTRONICALLY FILED - 2022 Aug 16 11:09 AM - HAMPTON - COMMON PLEAS - CASE#2022CP250019



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Love's Travel Stops & Country Stores, Inc.
C/o CT Corporation
2 Office Park Ct. Suite 103
Columbia, SC 29223

9590 9402 7355 2028 9544 51

2. Article Number (Transfer from service label)
7021 2720 0000 9733 1127

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                               ☐ Agent
                                ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                  8.9.22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☒ Signature Confirmation™
☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
  ed Mail
  ed Mail Restricted Delivery
  $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.75
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)        $ 3.05
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $              Postmark Here
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$ .81
Total Postage and Fees
$ 7.61

Sent To
Love's Travel Stops & Country Stores
Street and Apt. No., or PO Box No.
Clo CT Corp 2 Office Park Ct. Suite 103
City, State, ZIP+4
Columbia, SC 29223

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions